# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

EDGAR MARTINEZ-PENA,

      Defendant.

No. CR09-4036-MWB

**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO SUPPRESS**

_____

## I. INTRODUCTION AND BACKGROUND

On July 23, 2009, an indictment was returned against defendant Edgar Martinez-Pena charging him with possessing with intent to distribute, and aiding and abetting the possession with intent to distribute, 50 grams or more of methamphetamine which contained 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. On August 17, 2009, defendant Martinez-Pena filed a Motion to Suppress in which he seeks to suppress evidence seized from his vehicle on the grounds that it was seized during a warrantless search of the vehicle. The prosecution filed a timely resistance to defendant Martinez-Pena's motion.

Defendant Martinez-Pena's motion to suppress was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss conducted an evidentiary hearing and then filed a Report and Recommendation in which he recommends that defendant Martinez-Pena's motion to suppress be denied. Judge Zoss concluded that law enforcement officers had the right to stop and seize defendant Martinez-Pena's vehicle because of a traffic violation the law enforcement officers had witnessed and also pursuant to a warrant issued by the court for the seizure of the vehicle for the

purpose of installing an electronic tracing device. Judge Zoss, however, found that drugs in the vehicle were not in plain view and that the law enforcement officers did not have probable cause to believe that contraband or evidence of criminal activity was located inside defendant Martinez-Pena's vehicle. Nevertheless, Judge Zoss concluded that defendant Martinez-Pena's challenge to the search should be denied because the drugs in defendant Martinez-Pena's vehicle would have been discovered inevitably during the law enforcement officers' inventory search of the vehicle. Neither the prosecution nor defendant Martinez-Pena have filed objections to Judge Zoss's Report and Recommendation.

## II. LEGAL ANALYSIS

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute

> does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court **accepts** Judge Zoss's Report and Recommendation and orders that defendant Martinez-Pena's Motion to Suppress is **denied**.

3

**IT IS SO ORDERED.**

**DATED** this 13th day of October, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA